# United States Court of Federal Claims

No. 19-0043 C
Filed: February 15, 2019

| | |
|---|---|
| DIANNE MICHELE CARTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>) | *Pro Se*; *Sua Sponte* Dismissal; Lack of Subject Matter of Jurisdiction; RCFC 12(h)(3) |

## OPINION AND ORDER

***SMITH*, Senior Judge**

On January 2, 2019, plaintiff, Dianne Michele Carter, proceeding *pro se*, filed a complaint in this Court asking for various forms of relief. In her Complaint, plaintiff appears to seek review of alleged wrongful judgments against her from the District Court for the Western District of North Carolina and the Court of Appeals for the Fourth Circuit. *See generally* Complaint (hereinafter "Compl."). Plaintiff's Complaint asks this Court to "declare all judgements notated above as void ab initio," among other requests and allegations, including asking for "imprisonment of the offenders for the unconstitutional federal crimes committed" against her. Compl. at 13–14. Plaintiff also seeks $10 million in monetary damages arising out of her claims and an award of $25,000 for alleged false arrest and imprisonment. Additionally, plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on January 2, 2019.

Upon *sua sponte* review, the Court finds that plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. The Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

### I.  Background

In her Complaint, plaintiff alleges that the Internal Revenue Service ("IRS") fraudulently brought a claim against her; enjoining her from preparing tax returns and demanding she provide the information about her clients, which it has no authority to do. Compl. at 1–2. She also alleges that the United States Marshals Service ("USMS") unlawfully entered and searched the house belonging to the Moorish Science Temple, and the Violent Offender Tax Force unlawfully assisted in her arrest. *Id.* at 5. Plaintiff also contends that Judge Whitney from the United States District Court for the Western District of North Carolina violated her constitutional and legal rights several times during the pendency of proceedings, exceeding his authority and violating jurisdictional constraints. *See generally* Compl. Finally, plaintiff argues that the Judges for the

United States Court of Appeals for the Fourth Circuit also wrongfully, negligently, and maliciously ruled against her. *Id.* at 7–8.

Plaintiff points to a plethora of alleged constitutional violations and wrongs committed against her throughout the proceedings in both the District and Circuit Courts resulting in false imprisonment and physical and emotional harm. *See generally* Compl. As a result of those alleged wrongs, Ms. Carter asks this Court to declare "all judgements annotated above as void ab initio," and imprison defendants for the alleged "crimes committed against her." *See* Compl. at 13–14. Furthermore, Ms. Carter seeks $10 million in actual, compensatory, and punitive damages stemming from abuse of process; breach of assumed duty; breach of fiduciary duty; conspiracy; constructive fraud; intentional infliction of emotional distress; negligence; and deprivation of rights. *Id.* at 4–13. Plaintiff bases her claims upon alleged violations of Amendments I, IV, V, VI and XIV; 18 U.S.C. § 241 and § 242; 42 U.S.C. § 1983 and § 1986; Americans with Disabilities Act (ADA); ADA Amendments Act of 2008 (ADAAA); and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 13–14.

## II.   Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the Court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In determining whether subject-matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has

the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III.  Discussion

In this case, Ms. Carter fails to establish by a preponderance of the evidence that this Court has jurisdiction over her claims. The Tucker Act does not provide this Court with jurisdiction to entertain collateral attacks on decisions of federal district or circuit courts. 28 U.S.C. § 1491(a); *see, e.g., Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."). Therefore, Ms. Carter's request to review the other Courts' decisions falls outside of this Court's jurisdiction, and her Complaint must be dismissed.

Regarding the demand to imprison defendants for alleged crimes, this Court lacks jurisdiction over plaintiff's demand that it imprison the alleged offenders, as such relief is not related to money damages. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating that the jurisdiction of United States Court of Federal Claims is "confined to the rendition of money judgements"). This Court also lacks jurisdiction to entertain plaintiff's *Bivens* claim. Under *Bivens*, the Supreme Court held that, in certain situations, a plaintiff may bring claims against government officials in their individual capacities for violations of constitutional rights. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing *Bivens*, 403 U.S. 388). However, the Tucker Act does not provide this Court with jurisdiction over claims against individual federal officials. *Id.* ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Additionally, Ms. Carter's First, Fourth, Fifth, Sixth and Fourteenth Amendment claims are not properly before this Court. With the exception of the Takings Clause of the Fifth Amendment, a provision which is not pertinent to this Complaint, these amendments are not money-mandating and therefore not subject to the jurisdiction of this Court. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money.") (citations omitted); *Brown*, 105 F.3d at 623 (holding that the Fourth Amendment does not mandate payment and therefore such claims are not within the jurisdiction of the court) (citations omitted); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980) (finding no jurisdiction based on Fifth Amendment Due Process or Equal Protection); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) (holding that the Court lacks jurisdiction over Sixth Amendment claims because the Sixth Amendment is not money-mandating) (citations omitted), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999); *Kortlander v. United States*, 107 Fed. Cl. 357, 369 (2012) (holding that the Court lacks jurisdiction over Fourteenth Amendment claims because the Fourteenth Amendment is not money-mandating).

The Court also lacks jurisdiction over plaintiff's statutory claims against the United States. Ms. Carter alleges violations of 42 U.S.C. §§ 1983, 1986 and 18 U.S.C. §§ 241, 242, but only federal district courts have jurisdiction to hear claims alleging such violations. *See Schweitzer v. United States*, 82 Fed. Cl. 592, 595 (2008) ("[T]his Court does not have

jurisdiction over the plaintiffs' civil rights claims brought under 42 U.S.C. §§ 1981, 1985, or 1986 (2000), because it is well-settled that jurisdiction over such claims lies exclusively in the district courts."); *Jones v. United States*, No. 15-1044C, 2016 WL 447144, at *2 (Fed. Cl. Feb. 4, 2016) ("[W]e do not have jurisdiction over plaintiff's alleged violation of civil rights acts . . . because those statutes do not provide for the payment of money.").

Furthermore, the Court lacks jurisdiction to hear plaintiff's tort claims. The Tucker Act explicitly excludes tort claims against the United States from this Court's jurisdiction. "It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *see also Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013).

Here, Ms. Carter alleges that the defendants are responsible for her "[p]hysical and emotional injuries" as a result of a violation of ADA and ADAAA, and suffering from defendants' abuse of process, breach of assumed duty, breach of fiduciary duty, conspiracy, constructive fraud, intentional infliction of emotional distress and negligence. *See generally* Compl. These claims sound in tort and, thus, are outside of this Court's jurisdiction. *See, e.g.*, *McCauley v. United States*, 38 Fed. Cl. 250, 266 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (holding that the Court of Federal Claims lacked jurisdiction over an ADA claim because district courts have exclusive jurisdiction over such claims); *Cox v. United States*, 105 Fed. Cl. 213, 218 (2012) (finding fraud, and breach of fiduciary duty sounded in tort); *Kenney Orthopedic, LLC v. United States*, 83 Fed. Cl. 35, 46 (holding the court has no jurisdiction on "emotional distress" claims); *Gant v. United States*, 63 Fed. Cl. 311, 316 (2004) (stating that conspiracy, fraud, and negligence sounded in tort).

As noted above, Ms. Carter filed an application to proceed *in forma pauperis* along with her Complaint on January 2, 2019. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1). The statute requires that an applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Moore v. United States*, 93 Fed. Cl. 411, 414–15 (2010). For good cause shown, plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted.

### IV.   Conclusion

For the reasons set forth above, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of jurisdiction. Plaintiff's Motion to Proceed *in forma pauperis* is hereby **GRANTED**. The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge